**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DARWIN CASTILLO,

                         Petitioner,

   v.

CHRISTOPHER J. LAROSE, *et al.*,

                       Respondents.

Case No. 26-cv-02516-BAS-AHG

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

## I.  INTRODUCTION

Petitioner Darwin Castillo, a citizen of Guatemala, entered the United States without inspection in December 2012.  (Pet. ¶¶1, 23, ECF No. 1.)  On January 13, 2025, he was convicted of stalking in violation of California Penal Code § 646.9(a) and sentenced to 32 months in custody.  (Return, Ex. 3, ECF No. 5-1.)  Immigration and Customs Enforcement ("ICE") lodged an immigration detainer with the California Department of Corrections and Rehabilitation ("CDCR"), and on February 15, 2026, Petitioner was transferred to ICE custody.  (Pet. ¶ 9.)

Petitioner files this habeas petition pursuant to 28 U.S.C. § 2241, arguing he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) as he was arrested in the interior of the United States.  (ECF No. 1.)  However, the Government responds that Petitioner is

- 1 -

being mandatorily detained under § 1226(c) because of his prior criminal stalking conviction. (ECF No. 5.) Petitioner files a Traverse. (ECF No. 6.) For the reasons stated below, the Court agrees with the Government and **DENIES** the Petition.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## III.   ANALYSIS

Section 1226(c) mandates that the Attorney General shall take into custody any noncitizen who is removable from this country because he or she has been convicted of a crime listed in 8 U.S.C. § 1182(a). Section 1182(a)(2) includes a crime involving moral turpitude ("CIMT"). In *Orellana v. Barr*, 967 F.3d 927 (9th Cir. 2020), the Ninth Circuit concluded "that a conviction for criminal stalking in violation of California Penal Code § 646.9(a) is categorically a CIMT." *Id.* at 940. So, Petitioner is a noncitizen inadmissible under § 1182(a), and to the extent that Petitioner argues that his conviction does not categorically match, the Ninth Circuit has held otherwise.

Petitioner further argues that the Government has failed to produce conviction records of his stalking conviction. (ECF No. 6.) However, the Government attaches Petitioner's rap sheet showing his conviction and sentence for stalking in violation of California Penal Code § 646.9(a), and there is no question that Petitioner was taken into ICE custody following an immigration detainer served on the CDCR. Petitioner does not argue that he was not convicted of stalking in violation of California Penal Code § 646.9(a).

26cv2516

Additionally, Petitioner argues that § 1226(c) is inapplicable because he was transferred "mid-sentence" and subsection (c) only applies "when the alien is released." However, Petitioner *was* released—into ICE custody—pursuant to an immigration detainer, so this argument holds no weight.

Finally, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that § 1226(c) is unconstitutional as applied because his detention has been unconstitutionally prolonged or is indefinite. (ECF No. 6.) In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court distinguished *Zadvydas* in cases where a petitioner was being mandatorily detained pursuant to § 1226(c), holding that "[d]etention during removal proceedings is a constitutionally permissible part of the process." *Id.* at 531.

Petitioner counters that *Demore* did not authorize indefinite or prolonged detention, as defined in *Zadvydas*. But even the Court in *Zadvydas* recognized that six months in custody was presumptively reasonable. *Zadvydas*, 533 U.S. at 701 (holding that after a 6-month period, if a noncitizen shows "there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing"). Petitioner has only been in immigration custody for three months. He further fails to show there is no significant likelihood of removal in the reasonably foreseeable future. As such, he fails to demonstrate that his detention is unconstitutionally prolonged or indefinite.

## IV.   CONCLUSION

Because Petitioner is mandatorily detained under 8 U.S.C. § 1226(c), and because he has failed to show that his detention in immigration custody has been unconstitutionally prolonged or indefinite, the Court **DENIES** his Habeas Petition filed pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**DATED: May 12, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2516